**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012
Decided March 7, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2181

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 500-1 |
| ALLA NATOUR, *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

Alla Natour was a passenger in a van that police in East Hazel Crest, Illinois, stopped for traffic violations and searched, finding among other things 13 stolen cell phones and receipts reflecting that Natour had shipped several hundred pounds of "product" that day. Natour confessed to selling cell phones he knew were stolen or fraudulently obtained. After being indicted, Natour moved to suppress the evidence obtained from the search and his confession, and the district court denied the motion. Natour then pleaded guilty to transporting stolen goods in interstate commerce, *see* 18 U.S.C. § 2314, and structuring financial transactions to evade currency-reporting requirements, *see* 31 U.S.C. § 5324(a)(3). He was sentenced to 63 months' imprisonment, seven months below the bottom of his guidelines range. He filed a notice of appeal, but his appointed lawyer believes that the

appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Natour has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues counsel identified in his facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Police officer Kristopher Vallow testified at the suppression hearing that he pulled over the van because the driver was not wearing a seatbelt. Neither the driver nor Natour had proof of insurance or a valid driver's license; the driver's license was suspended and Natour's had been revoked. Vallow took the driver into custody for driving with a suspended license and, during a search of his person incident to the arrest, found a "blunt" (a cigar in which the tobacco has been removed and replaced with marijuana) inside his right sock. As he began to conduct an inventory search (which was required because there was no licensed driver in the van), Vallow looked into the car and saw a small amount of what looked like marijuana in a cup holder; under the passenger's seat, he noticed a Cheetos bag containing tobacco remnants of a dumped out cigar—which looked to Vallow as if someone had just rolled a blunt. He asked Natour about the marijuana, and Natour said that he had smoked a blunt earlier in the day. Vallow noticed that Natour had several bulges in the pockets of his pants, so he conducted a pat-down frisk. He asked Natour what was in his pockets, and Natour said there were envelopes containing $23,000 in cash. Upon removing the envelopes, Vallow detected a whiff of marijuana coming from Natour's right shoe; inside Natour's right sock was a small bag of marijuana. Vallow then resumed his inventory search of the van and found, among other things, Federal Express air bills and 13 cell phones. Natour later admitted that he owned a business, Quality Wholesalers, Inc., that sold stolen or fraudulently obtained cell phones. Further investigation revealed that Natour was paid almost $5 million for stolen cell phones he sold through Quality Wholesalers over a seven-month period; to avoid reporting the payments, he made several withdrawals under $10,000 from four different bank accounts.

Counsel advises that Natour does not wish to challenge his guilty plea on any ground unrelated to his motion to suppress, and thus appropriately omits discussion about the adequacy of the plea colloquy and the voluntariness of the guilty plea. *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers whether Natour might challenge the district court's denial of his motion to suppress. In the district court, Natour argued, among other things, that Vallow had no reasonable suspicion to search his person; and even if he did, his search exceeded the bounds of a proper frisk; that police lacked probable cause to arrest him; that his roadside statements in response to police questioning violated his Fifth Amendment rights; and that the inventory search was invalid either because it was not conducted

pursuant to police procedures or because it exceeded the scope of a proper inventory search. We agree with counsel that any challenge to the motion's denial would be frivolous. As the district court explained, the police had probable cause to search the entire van once Vallow found a blunt on the driver and arrested him. *See United States v. Zahursky*, 580 F.3d 515, 522 (7th Cir. 2009); *United States v. Washburn*, 383 F.3d 638, 641 (7th Cir. 2004); *United States v. Johnson*, 383 F.3d 538, 545–46 (7th Cir. 2004). The search of the van led to the key evidence of Natour's crime, and the officers' search and arrest of Natour would not have changed that result.

Counsel also considers whether Natour might challenge his sentence but properly concludes that this challenge too would be frivolous. As counsel notes, we presume that a below-guidelines sentence like Natour's is reasonable, *see Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011), and counsel cannot identify any reason to disregard that presumption. The district court adequately discussed the relevant sentencing factors under 18 U.S.C. § 3553(a), noting that Natour engaged in a deliberate, sustained, illegal pattern of transactions totaling almost $5 million, *see id.* § 3553(a)(1), as well as the need to deter white-collar criminals from committing similar crimes, *see id.* § 3553(a)(2)(B). The court reasonably found that these considerations outweighed Natour's argument in mitigation that he had strong family support and thus was unlikely to recidivate.

We GRANT counsel's motion to withdraw and DISMISS the appeal.